UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

AUG 2 0 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:20CR00415 SRC/SRW |
| KIMBERLY LEBARON, | ) |
| Defendant. | ) |

**INDICTMENT**

The Grand Jury charges that:

I.  The Defendant and Relevant Entities

1. Between on or about January 1, 2016 and continuing through on or about June 30, 2018 (the "relevant time period"), Kimberly LeBaron was employed as the Executive Director of Victim Support Services (VSS), a private non-profit entity.

2. VSS provided various services, including shelter, advocacy, and assistance to individuals experiencing domestic violence, assault, and similar crisis situations. VSS operated multiple room shelters within the city limits of Kirksville, Missouri.

3. The Department of Justice (DoJ) provides grant funding to strengthen the justice system, support law enforcement, and enhance victim services. The Office for Victims of Crime is within the DoJ and it provides Victims of Crime Administrators (VOCA) grants to state agencies for victim services.

4. The Missouri Department of Social Services (DSS) is a VOCA grant recipient, and it administers the VOCA funds at the state level.

5. DSS received VOCA grant # 2015-VA-GX-4065 in 2015, and was designated as the Missouri administrator for this grant.

6. VSS served as a sub-grantee for DSS under grant # 2015-VA-GX-4065.  VSS was responsible for performing various services under the grant, including providing shelter beds. Afterwards, VSS submitted invoices to DSS reflecting the specific services provided.  In return, DSS disbursed funds to VSS based on the services and amounts reflected in the approved invoices.

II.     The Fraudulent DoJ Grant Funds Scheme

7. During the relevant time period, Kimberly LeBaron submitted numerous invoices under VOCA Grant # 2015-VA-GX-4065.  The invoices were sent from VSS in Kirksville, Missouri, to DSS in Jefferson City, Missouri, and then to the Department of Justice in Washington, DC.

8. During the relevant time period, the invoices contained materially false information. Specifically, the invoices contained inflated numbers of shelter stays that were far beyond the number of clients who physically stayed in the VSS shelters.  In many cases, LeBaron and VSS turned away potential clients claiming that the shelter was full when in fact the shelter was not full or vacant.  LeBaron then submitted invoices indicting that the shelter had been nearly full or full.  As a result of the fraudulent invoices submitted by LeBaron, DSS paid approximately $173,000 in DoJ grant funds to VSS.

2

## COUNTS ONE THROUGH THREE
(Wire Fraud)

9. The allegations contained in paragraph 1-8 are realleged and incorporated as is fully set forth in this paragraph.

10. Between on or about January 1, 2016 and continuing through on or about June 30, 2018, in the Eastern District of Missouri and elsewhere,

**KIMBERLY LEBARON,**

the defendant, for the purpose of executing the foregoing scheme and artifice and in attempting to do so, did knowingly and willfully transmit and caused to be transmitted in interstate commerce certain signs, signals and sounds by means of wire communications, that is online invoices from VSS in Kirksville, Missouri and transmitted to DSS in the State of Missouri to the Department of Justice in Washington, DC, each wiring constituting a separate count, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Transmission |
|---|---|---|
| One | October 2, 2017 | LEBARON'S fraudulent electronic invoice submitted through DSS for payment to VSS for approximately $8,160 |
| Two | October 2, 2017 | LEBARON'S fraudulent electronic invoice submitted through DSS for payment to VSS for approximately $7,344 |

| Three | October 2, 2017 | LEBARON'S fraudulent electronic invoice submitted through DSS for payment to VSS for approximately $8,088 |

(Title 18, United States Code, Section 1343)

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I through III, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violations.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without

difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
ANTHONY BOX, #58575MO
Assistant United States Attorney