# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-CR-00415-SRC/SRW |
| | ) |
| KIMBERLY LEBARON, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW Defendant Kimberly LeBaron by and through undersigned counsel, and respectfully submits this Sentencing Memorandum in the above-captioned matter. Defendant suggests that a sentence sufficient, but not greater than necessary to comply with the purposes set forth in §3553(a), is a sentence of probation. In support, Defendant states the following:

### I. NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT - §3553(a)(1)

The nature and circumstances of the offense and the history and characteristics of the Defendant suggest a mitigated sentence in this case. Ms. LeBaron is 62 years old. Other than a misdemeanor bad check citation in 1978, when she was 19 years old, she has no prior criminal convictions. After she self-surrendered to the U.S. Marshalls in the instant case on September 11, 2020, she was released on bond under the supervision of Pretrial Services. During the entire period of her pretrial release, Ms. LeBaron has complied with all Court-ordered conditions of release (PSR Paragraph 10).

Ms. Lebaron is an example of the amazing things people can accomplish even in the face of difficult circumstances. Her own childhood was marred by violence, but rather than turning inward, Ms. Lebaron decided to become a passionate advocate for others with similar experiences. She channeled her experiences to help her local community through her work with Victim Support Services (VSS), an organization dedicated to protecting women and children from violence.  When the women she sought to help had to appear for victim testimony at court dates, Ms. Lebaron was there with them, providing guidance and support. Through advising the leaders of other local nonprofits, Ms. Lebaron left a legacy of leadership and has been described by many of her friends and acquaintances as a brilliant nonprofit leader.

Attached to this Memorandum are a number of letters the defense has received from members of Ms. LeBaron's community.  Normally, it is this writer's practice to submit far fewer letters than those submitted this case for fear of taking up too much of the Court's time.  But in this case, each of the letters seem compelling, so they are all included.  The letters describe a woman of courage and moral character, who invested her time and energy into improving the lives of those around her.  In her personal life, Ms. LeBaron and her husband opened their home to two young women who had been born into lives of violence, abuse, and turmoil. The recommendation letters from these young women, Ms. LeBaron's adopted daughters, speak to their profound awe and respect for their mother's tireless dedication to helping others.

The letters from the many individuals who know Kimberly LeBaron and have seen her life's work suggest that a downward variance is appropriate.  Based on the history and

characteristics of the defendant under §3553(a)(1), evidenced in the letters of support, the defense respectfully requests that this Court consider a sentence of probation.

## II. THE NEED TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT - §3553(a)(2)(C)

Based on her lack of a criminal history, Ms. LeBaron appears to be exceptionally unlikely to reoffend. Ms. LeBaron has experienced tremendous shame and humiliation following her arrest. She now considers herself a pariah in her community, and she is astounded that so many people have written letters of support on her behalf. In her own Apology Letter to the Court, attached to this Memorandum, Ms. LeBaron writes, "I will spend the rest of my life trying to atone for my terrible actions." These are not the words of someone planning their next criminal caper. Ms. LeBaron has never wavered from her acceptance of responsibility for her conduct. She has not made excuses. In short, Ms. LeBaron has learned her lesson. The sentencing consideration in §3553(a)(2)(C), protecting the public from further crimes of the Defendant, would allow for Ms. LeBaron being viewed as a strong candidate for probation.

## III. THE NEED FOR THE SENTENCE IMPOSED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT - §3553(a)(2)(B)

In most criminal cases involving the misappropriation of funds, the funds were misappropriated for the benefit of the defendant. But in this case, Kimberly LeBaron did not misappropriate funds for herself. She did it to keep VSS, and the services it provided to the victims of domestic and sexual violence in Northern Missouri, afloat. Indeed, in less than a year after my client left the agency, VSS was closed (PSR Paragraph 21).

3

It is true that Ms. LeBaron's salary was paid by VSS, and a portion of the misappropriated funds presumably went towards that salary. However, Mr. LeBaron's salary was set by an executive board, not by herself. The Court should note from the Offense Conduct portion of the PSR, beginning at Paragraph 13, that the investigation of Ms. LeBaron's conduct included no bank statements, accounting or other records showing that even one dime of the misappropriated funds went directly to Ms. LeBaron.

Instead, Ms. LeBaron is now in the unenviable position of (1) being a felon, (2) being a semi-public figure brought down in a federal prosecution, and (3) having to repay as restitution thousands of dollars that were used to pay six full-time and two part-time staff, building overhead, legal and medical advocacy for victims of domestic violence, counseling services, case management and a crisis hotline (PSR Paragraph 14). It is difficult to see how any of the consequences sustained by Ms. LeBaron could somehow encourage others to emulate her example.

The need for the sentence to afford deterrence to other would-be criminals was baked into the federal prosecution of Ms. LeBaron from the outset. In her own words, "Remorse, guilt, shame and regret are terrible feelings to live with and I think even harder to live with when you have caused them" (LeBaron Apology Letter). It is reasonable to conclude that a sentence of probation in this case, under these circumstances, satisfies the considerations under §3553(a)(2)(B). For the same reasons, the sentencing considerations under §3553(a)(2)(A), the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, are likewise met. Ms. LeBaron's downfall serves as a bright reminder to potential observers that misconduct,

4

even with the best intentions, leads to public shame, the collateral suffering of family members, and personal emotional ruin.

### III.  THE NEED FOR THE SENTENCE IMPOSED TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER - §3553(a)(2)(D)

As discussed in the PSR, Ms. LeBaron is in poor health (PSR Paragraph 49-51). The PSR writer notes,

> "The Court may wish to consider whether a variance may be appropriate in this case, taking into account the factors outlined in 18 U.S.C. §3553(a). Specifically, the defendant has significant medical issues, including functional mitral valve regurgitation and has been treated for depression and anxiety disorder since 2017." (PSR Paragraph 85).

An additional basis for such a variation is found in §3553(a)(2)(D), which sets out the need for the sentence imposed to provide the defendant with needed medical care in the most effective manner. She can only walk short distances (PSR Paragraph 49). Otherwise, Ms. LeBaron is confined to a plus-size wheelchair. Her diagnosed heart condition causes her heart's valve to not close tightly, reducing the efficiency of her heart and causing her to feel tired and out of breath (PSR Paragraph 49). These serious health concerns would likely be better addressed outside of a prison setting.

Ms. LeBaron meets the criteria of the CDC's descriptors of adults more likely to get severely ill from Covid-19: She is an older adult, she has chronic heart disease and she is obese. (*See*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). If Ms. LeBaron goes into custody, with the inherent close

proximity to other individuals that confinement entails, she is at severe risk for serious illness if infected with Covid-19. The crisis in the prisons due to Covid-19 is well-documented:

(*See* *The Harvard Gazette*, https://news.harvard.edu/gazette/story/2021/08/crowding-in-prisons-increases-inmates-risk-for-covid-19-infections/ "Citing COVID threat, Researchers Urge Policy Changes to Ease Prison Crowding," August 9, 2021)

With her existing medical issues and the real risk of serious illness or death from COVID-19 in the prisons, §3553(a)(2)(D) considerations suggest a sentence of probation. The Probation Office has listed numerous conditions of supervision in the PSR (PSR Pages 16-21). Ms. LeBaron agrees to all of these conditions. Ms. LeBaron has pledged to spend the rest of her life atoning for her actions. She will not disappoint the Court, should the Court grant probation in this case.

## VIII.  CONCLUSION

Based on the foregoing, the defense respectfully requests the Court to impose a sentence of probation. Such a disposition constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

/s/ Gerald D. Mueller
GERALD D. MUELLER          #40638

GERALD MUELLER, LLC
28 North Eighth Street Suite 200
Columbia, MO 65201
(573) 449-0700
Fax No. (573) 442-9932
E-mail gerald@gmuellerlaw.com

Attorney for Defendant

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on _____ to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ Gerald Mueller